IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,343-01






EX PARTE PEDRO CHAVEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2003-401,700 IN THE 140th DISTRICT COURT


FROM LUBBOCK COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to fifty years' imprisonment. The Sevent Court of Appeals affirmed his conviction.
Chavez v. State, No. 07-03-0509-CR (Tex. App.-Amarillo, delivered June 15, 2005, no pet.). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
he failed to investigate the complainant's criminal history, failed to object to the jury charge, failed
to object to improper comments and arguments by the prosecutor, failed to object to victim impact
evidence being introduced during the guilt-innocence phase of his trial, failed to object to improper
character evidence being introduced regarding the complainant at guilt-innocence, failed to preserve
error for appeal, failed to interview witnesses, failed to object to the prosecutor's knowing use of
perjured testimony, failed to prepare Applicant prior to his taking the witness stand, failed to object
to prosecutor and jury misconduct when the prosecutor was observed speaking to a juror outside the
courtroom during trial, and counsel failed to present mitigating evidence at punishment. Also, the
Applicant contends that the prosecutor knowingly introduced perjured testimony during the trial. Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall order Applicant's trial counsel to respond to Applicant's claim of ineffective assistance of
counsel. In addition, the trial court shall order the prosecutor in this cause to respond to Applicant's
claim that perjured testimony was knowingly presented at trial. The trial court shall order affidavits,
or it may hold a hearing, as provided for in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
Also, the trial court shall make findings of facts as to whether the prosecutor knowingly allowed
perjured testimony to be introduced at trial. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: May 9, 2007

Do not publish